**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Keith JENNINGS, Defendant–Appellant.**

No. 00–1293.

United States Court of Appeals, Second Circuit.

Jan. 25, 2002.

Alexander Bunin, Federal Public Defender for the Northern District of New York & Vermont, Albany, NY, for Appellant.

Elizabeth Riker, Assistant United States Attorney, Northern District of New York, Syracuse, NY; Joseph A. Pavone, United States Attorney, John M. Katko, Assistant United States Attorney, on the brief, for Appellee.

Present JACOBS, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Keith Jennings was convicted by a jury in the United States District Court for the Northern District of New York (Munson, S.J.) on seven counts of narcotics distribution, money laundering, and engaging in a continuing criminal enterprise ("CCE"). On appeal, Jennings challenges his conviction on the CCE count, and he challenges his sentence on various grounds, among them the theory that the sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

### I.

On December 2, 1998, the government filed a twenty-five-count superseding indictment charging Jennings and other defendants with various crimes in furtherance of a narcotics conspiracy headquartered in Utica, New York. Jennings was alleged to be the head of the conspiracy. Ultimately, Jennings, the sole defendant to go to trial, was tried on seven counts: (1) engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848; (2) conspiracy to possess with intent to distribute and to distribute cocaine, crack cocaine and marijuana, in violation of 21 U.S.C.

§ 846; (3) two counts of possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841; (4) two counts of possession with intent to distribute and distribution of cocaine base, also in violation of 21 U.S.C. § 841; and (5) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). On March 17, 1999, following a two-week trial, a jury found Jennings guilty on all counts.

Following the sentencing hearing on January 4, 2000, the district court entered a "Memorandum–Decision and Order" on January 24, 2000. Based on the findings in the Pre–Sentence Report ("PSR") as to the quantity of narcotics involved, the court calculated Jennings's base offense level to be 38. The court then applied a four-point enhancement due to Jennings's role as "leader and organizer of the conspiracy," pursuant to U.S.S.G. § 3B1.1(a), and another two-point enhancement based on the use of minors in furtherance of the criminal conduct. This yielded a combined offense level of 44; the court reduced this by one point because the maximum possible offense level under the Guidelines is 43. The court placed Jennings in Criminal History Category II.

On March 10, 2000, the district court sentenced Jennings principally to concurrent terms of life imprisonment on the CCE count, life imprisonment on each of the two substantive cocaine base counts, 20 years imprisonment on each of the two substantive cocaine counts, and 20 years imprisonment on the money laundering conspiracy count. The narcotics conspiracy conviction was vacated as a lesser included offense of the CCE conviction.

On appeal, Jennings challenges his conviction only as to the CCE count. He argues that the conviction cannot stand because the district court failed to instruct the jury that it had to unanimously find three prior violations of U.S.C. Title 21 in order to convict Jennings of engaging in a continuing criminal enterprise. The rest of Jennings's appeal concerns the district court's determination of sentence pursuant to the federal Sentencing Guidelines. Specifically, Jennings contends (1) that the district court failed properly to make findings of drug quantity sufficient to support a base offense level of 38; (2) that in any event, because drug quantity was neither charged in the indictment nor submitted to the jury, it was *Apprendi* error for the district court to sentence Jennings on any of the narcotics counts to a term in excess of 20 years, *i.e.*, the maximum penalty applicable to a Section 841(a) offense without regard to quantity; (3) that the district court erred in including, for purposes of calculating Jennings's criminal history, a conviction for conduct that was part of the instant offense; and (4) that the district court erred in enhancing Jennings's offense level due to his use of minors in furtherance of the conspiracy.

The government argues that the CCE conviction may stand because the district court's failure to grant Jennings's requested jury instruction, if error, was harmless; that the district court's findings of drug quantity were amply supported by the evidence and other information on which the court properly relied; that any *Apprendi* error was harmless both because Jennings received a life sentence anyway on the CCE count and because, even if the district court could not sentence him beyond 20 years on any of the four narcotics counts, it would have had to run the four terms consecutively to reach the prescribed Guideline sentence of life imprisonment for an offense level of 43; and that the district court's other sentencing adjustments were proper.

## II.

Jennings argues that his conviction on the CCE count should be vacated because

the district court erroneously denied his request to instruct the jury that it had to unanimously agree on the three predicate violations of U.S.C. Title 21 necessary to establish a continuing criminal enterprise under 21 U.S.C. § 848.

■ Jennings's trial predated *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), which held that a CCE conviction requires a unanimous jury verdict as to which specific acts constitute the continuing series of violations. Thus, the district court's failure to grant Jennings's requested instruction, reviewed in hindsight, may have been a *Richardson* error. We need not decide that question, however, because any such error would have been harmless. *See Santana–Madera v. United States*, 260 F.3d 133, 139 (2d Cir.2001) (*"Richardson* errors are not structural and are subject to harmless error review."). To convict Jennings on the CCE charge, the jury was required unanimously to agree on a series of three violations of the drug laws. Here, it agreed unanimously on four. We have held that where a defendant is convicted not only on a CCE charge but also on at least three separate narcotics charges that could support a CCE conviction, any *Richardson* error is harmless. *See Santana–Madera*, 260 F.3d at 141 (*Richardson* error harmless where jury unanimously found nine violations of federal drug laws, any three of which were sufficient to establish a continuing series of violations under 21 U.S.C. § 848). Further, although *Santana–Madera* appears not to have addressed the question, even assuming there is a requirement that the three violations must be related somehow to constitute a "series" (thus raising at least the logical possibility that, despite being unanimous as to each of the four violations, the jury here was not unanimous as to which three were related so as to constitute the

series), the evidence in this case was such that the jurors could not rationally have found anything other than that all four substantive convictions were related to each other. Any *Richardson* error in this case was therefore harmless and thus Jennings's conviction on the CCE count may stand.

■ Turning to the district court's Guideline calculations, Jennings first argues that the district court's calculation of a base offense level of 38 was based on an improper adoption of certain evidence of drug quantity and type in the PSR that Jennings contends was unreliable. Specifically, Jennings claims (1) that the PSR's calculation of drug quantity was based largely on estimates of recurring drug sales provided by unnamed confidential informants to government agents (and thereupon recounted to the probation officer preparing the PSR) with no indicia of reliability such as who (generally) these informants were or what the source of their knowledge was, and (2) that with respect to two seizures of cocaine, the PSR improperly characterized the substance in question as cocaine base (*i.e.,* crack cocaine) although lab technicians at trial testified it was actually cocaine. With respect to the first contention, whatever the merits of defendant's argument with respect to the confidential informant estimates, the quantity calculated in the PSR without these estimates—*i.e.,* that based solely on seizures and controlled buys, which were well documented in the PSR as to time, place, quantity, and from whom seized—is so close to the Level 38 threshold (the equivalent of 29,240 kilograms of marijuana, versus the 30,000 kilograms required) that one would have to disbelieve the informant testimony in its entirety to result in a lower offense level, a discounting we deem unwarranted. As to the two cocaine seizures, the lab technicians at tri-

al testified that they tested to verify that the substances were cocaine but that, because they are New York State lab technicians and under New York law there is no sentencing difference between cocaine and crack cocaine, they had not done further testing to determine if it was also crack. Although the district judge did not make a specific finding on this point other than to adopt the PSR, there was sufficient evidence in the record—namely, testimony as to the physical appearance of the substance and as to the fact that crack cocaine had previously been sold from the location of the seizure—to support the determination that it was indeed crack cocaine, and we find no clear error in this regard.

■ Nor was there error in the district court's imposition of a two-point offense-level enhancement for Jennings's use of a minor in furtherance of the conspiracy, pursuant to U.S.S.G. § 3B1.4. Jennings may very well be correct that § 2D1.5 and the Application Notes thereto preclude the imposition of this enhancement on a CCE charge, but there is no such barrier to its use on the cocaine and crack cocaine distribution counts under § 2D1.1. Moreover, although the evidence of minors relied upon by the district court related to marijuana distribution, not cocaine or crack cocaine, the marijuana distribution was well within the Guidelines' definition of relevant conduct for those counts. Finally, the district court properly used Jennings's prior conviction on a drug charge to place him in Criminal History Category II even though the conduct involved in that charge was alleged by the government to form part of the continuing series of violations under the CCE count; Application Note 3 to § 2D1.5 specifically rejects Jennings's argument that the inclusion of past convicted conduct in a CCE charge makes that conduct part of the "instant offense"

and thus ineligible for consideration in calculating criminal history.

We therefore find no error in the district court's calculation of life imprisonment as the appropriate sentence under the Guidelines.

Finally, Jennings's counsel conceded at oral argument that if we rejected his arguments as to the CCE conviction and the life sentence calculation, any *Apprendi* error on the two crack cocaine counts would thereby be rendered harmless. Accordingly, we do not address the *Apprendi* challenge.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.